Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Blair L. Schlecter, State Bar No. 233684
E-Mail: bschlecter@hurrellcantrall.com
Dorothy Hassaram, State Bar No. 254025
E-Mail: lhassaram@hurrellcantrall.com
HURRELL CANTRALL LLP
660 South Figueroa Street, 21st Floor
Los Angeles, California 90017-3442
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants COUNTY OF LOS ANGELES
and LEROY BACA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| J.H., by and through his Conservator, JENNIFER BALLESTEROS, and LOUANNE HENDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, LEROY BACA, in his individual and official capacity, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. CV08-03909 DDP (CWx)<br><br>**STIPULATED PROTECTIVE ORDER** |

After full consideration of the stipulation by the parties for a protective order, and FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that:

1. In connection with informal or formal disclosure of documents and other materials in this action (including but not limited to those specified in Fed.R.Civ.P. 26(a)(1)(A)(ii) and 34(a)(1)(A) and (B)), and, in connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public, and which contains

private, personal, proprietary, or otherwise sensitive information, the disclosure of which may have the effect of causing harm to the parties or other entities or persons. By designating a document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

**GOOD CAUSE STATEMENT:**

2.   Good cause exists for entry of this Order.  As for defendants, they expect to produce, among other things, materials comprising incident reports and recorded interviews of inmates who witnessed the inmate-on-inmate attack on plaintiff Henderson which is the subject of this action.  In these materials, the names and identifying information of the inmates who were interviewed are referenced or disclosed.  Some of the inmates who were interviewed not only describe the details of what events sparked the attack and how it unfolded, but also identify one or more persons who allegedly took part in the attack.  Should the information provided by these inmates and their cooperation in the investigation of the incident not be kept confidential and disclosed only within the context of this litigation as provided herein, it could pose a substantial serious risk to their personal safety and well-being, whether they remain incarcerated or not.

In addition, these materials contain the names and other identifying information of law enforcement personnel who responded to the attack, and who thereafter investigated the incident and interviewed inmate witnesses.  Limiting disclosure of their identities to the context of this litigation as provided herein will, accordingly, further important law-enforcement objectives and interests.

As for plaintiffs, they expect to produce, among other things, personal medical records and bills relating to the care plaintiff Henderson received following the attack.  These records and bills would contain sensitive medical and financial

information that plaintiffs desire to be kept confidential and disclosed only in the context of this litigation.

3. Confidential documents shall be so designated by stamping copies of the document or material produced by a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document or any multi-volume material, shall designate all pages of the document and all volumes of the material as confidential, unless otherwise indicted by the producing party.

4. Testimony taken at a deposition may be designated as Confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

5. Material designated as "Confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used solely for the purpose of litigating this action, and for no other action or purpose.

6. Confidential Material produced in this action may be disclosed or made available to the following persons (hereinafter "Qualified Persons"):

    a. Each lawyer for a party in this action, including outside and in-house lawyers and other lawyers regularly employed in their offices, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including paralegals, assistants, secretaries, and document clerks;

    b. Each party, partner, officer, director, agent, or employee of a party deemed necessary by counsel to work on this action;

    c. Independent experts or consultants retained by counsel for the

purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary for such expert or consultant to perform his or her assigned tasks in connection with this litigation;

d. Any party-affiliated witness in preparation for his or her deposition or testimony at trial or a hearing in this litigation;

e. Mediators, arbitrators, or similar outside parties and their staffs enlisted by all parties to assist in the resolution of this litigation;

f. The Court and its personnel; and

g. Court reporters and stenographers employed in this action.

Prior to receiving any Confidential Material, Qualified Persons identified in Paragraphs 6b, 6c, 6d, and 6e above shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided to counsel for each other party within ten (10) days.

7. The parties may further designate certain documents, materials, or testimony of a highly confidential, sensitive, or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material), which may be disclosed only to Qualified Persons identified in Paragraphs 6a, 6c, 6d, 6e, 6f, and 6g, but shall not be disclosed to Qualified Persons identified in Paragraph 6b.  If disclosure of Attorney's Eyes Only Material is made, all other provisions of this Stipulation shall also apply.

8. Any party intending to file any material that constitutes or contains Confidential Material or Attorney's Eyes Only Material shall file it under seal in compliance with Central District Local Rule 79-5.1.

9. This Order shall not impose any restrictions on the use of or disclosure by a party of Confidential Material or Attorney's Eyes Only Material obtained by such party independent of discovery in this action, whether or not such material is

-4-

also obtained through discovery in this action, or from disclosing its own Confidential Material or Attorney's Eyes Only Material as it deems appropriate.

10.     In the event that any Confidential Material or Attorney's Eyes Only Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.

11.     This Order shall be without prejudice to the right of a party (i) to bring before the Court at any time the question of whether any particular document or material is confidential or whether its use should be restricted, provided however, that such document or material shall remain confidential and its use restricted, as provided for herein, until such time as the court has ruled on the question presented, or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document, material, or information, including restrictions differing from those specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12.     This Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process.  Neither this Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

13.     Within sixty (60) days after the conclusion of this action, including any appeals, a party to whom Confidential Material or Attorney's Eyes Only Material has been produced shall return all such material, including copies thereof, to the producing party.

14.     This Order shall survive the conclusion of this action, including any

-5-

1 appeals, to the extent that information comprising or contained in Confidential
2 Material or Attorney's Eyes Only Material does not become public.  The Court shall
3 retain jurisdiction to resolve any dispute concerning compliance with the terms and
4 conditions of this Order, including any alleged violation thereof.
5     IT IS SO ORDERED:

7 DATED: __February 2, 2009                                    /S/
                                                  HON. JUDGE CARLA WOEHRLE
                                                  United States Magistrate Judge

**ATTACHMENT A**

NONDISCLOSURE AGREEMENT:

    I, _____, am familiar with the terms of the foregoing Stipulated Protective Order entered in the above-captioned action, and agree to comply with and be bound by its terms and conditions, unless modified by further order of the Court.  I consent to the jurisdiction of the Court for the purpose of enforcement of the Stipulated Protective Order.

Dated: _____   _____